## CIRCUIT COURT OF CHESTERFIELD COUNTY

Gina Gammon
and Lisa Overby

v.

Arlene Holley
and Paul Holley, Jr.

October 18, 1991

Case No. CH85–3845

By Judge Herbert C. Gill, Jr.

The parties were before the Court on March 15, 1991, to hear evidence *ore tenus* on the issues raised by the Intervenor in his *Petition to Intervene* and the *Response of Intervenor to Bill of Complaint.*

### Factual Background

It has been determined in prior proceedings that the petitioners, Lisa Overby and Gina Gammon, each own a 25% undivided interest in the real property located at 10150 Family Lane in Chesterfield County ("the property"). The remaining 50% interest in the property is owned by the respondents, Arlene Holley and Paul Holley, Jr., as tenants in common.

On September 30, 1983, Mr. and Mrs. Holley executed a deed of trust on the property to secure a note in favor of Freedlander, Inc., The Mortgage People ("Freedlander"). At the hearing held March 15, 1991, Paul Holley testified that all proceeds of the loan from Freedlander were applied to new construction on the property and a new roof.

The deed of trust was later assigned to NorWest Mortgage, Inc. ("Norwest") on October 26, 1983. Norwest changed its name to GMAC Financing Corporation of Iowa, Inc. ("GMAC") on or about August 12, 1985. GMAC is the current holder in due course of the deed of trust.

The Intervenor, Samuel I. White, is trustee under the deed of trust securing the note on the property. The Intervenor alleges that the note secured by the deed of trust is presently in default.

## Issue

The issue before the Court is whether or not the petitioners' interests in the property are subject to the lien of the deed of trust on the property.

## Argument

The petitioners are not parties to the deed of trust. However, the Intervenor seeks relief from the Court which would subject the petitioners' interests to the deed of trust. The Intervenor suggests that a constructive trust be imposed upon the petitioners' interests. The Court is inclined to impose such a constructive trust.

"A constructive trust is one not created by any words either expressly or impliedly evincing a direct intention to create a trust but only by the construction and operation of equity in order to satisfy the demands of justice." M. J. *Trust & Trustees*, Section 48, p. 106. "Constructive trusts have been said to arise . . . under the broad doctrine that equity regards and treats as done what in good conscience ought to be done." *Id.*

Although constructive trusts are often created to prevent frauds or injustice, a constructive trust arises not only where there has been actual fraud but whenever one holding property is subject to an equitable duty to convey it to another on the ground he would be unjustly enriched if he were permitted to retain it. *Leonard v. Counts*, 221 Va. 582 (1980). In this case, the Intervenor is not requesting that the petitioners convey their interests in the property. Rather, the Intervenor requests that their interests be subjected to the deed of trust lien on the property.

At present, one of the petitioners, Lisa Overby, lives in the "old part" of the house, and Arlene Holley lives in the "new part" of the house located on the property. According to testimony, Lisa Overby has resided in the "old part" of the house since 1986. Arguably, residing on the property since 1986 is a benefit to Lisa Overby.

Although the other petitioner, Gina Gammon, does not live on the property at issue, she has a 25% undivided interest in the property. Further, this interest may be more valuable due to the additional construction on the property with the loan proceeds of 1983. There-

fore, Gina Gammon has indirectly benefitted from the execution of the deed of trust to obtain a loan for additional construction on the property.

Constructive trusts also arise in law independently of the parties' intent. *Campbell v. Corpening*, 230 Va. 45 (1985). As noted above, the petitioners are not parties to the deed of trust executed on the property in 1983. However, the petitioners have a vested interest in the property as a result of an earlier finding that each owns a 25% interest in the property. As co-owners, but not parties to the deed of trust, the petitioners do not consent or intend to subject their interests to the deed of trust lien. Nevertheless, case law and equity overlook parties' intent in imposing a constructive trust where in good conscience equity deems appropriate.

### Conclusion

After careful review of the evidence and Memoranda of Law submitted by counsel, the Court is of the opinion that a constructive trust should be imposed on Lisa Overby's 25% interest in the property and Gina Gammon's 25% interest in the property.

Lisa Overby resides in part of the house located at 10150 Family Lane and has since 1986. As a resident, she is directly benefitted by the construction of an addition to the house, such addition funded by loan proceeds in 1983. Unjust enrichment would result if Lisa Overby were allowed to reside in part of the house at 10150 Family lane, as a co-owner, and her interest in the property not be subject to the lien of the deed of trust on the property.

Likewise, Gina Gammon benefits from being a co-owner of the property. As such, Gina Gammon is entitled to her proportional share of proceeds if an accounting among co-owners is mandated, or upon sale of the property. Further, Gina Gammon would be unjustly enriched if her interest was not subject to the lien of the deed of trust given that the loan proceeds incident to the deed of trust may have contributed to an increase in value of the property.

Although the petitioners were not parties to the deed of trust, it has been determined that each is a co-owner of the property upon which the deed of trust was executed. The loan proceeds incident to the deed of trust were applied to new construction on the property. Therefore, the Court is of the opinion that the petitioners are unjustly enriched as co-owners without their interest in the property subject to the deed of trust lien. In accordance with the power bestowed

534

upon a court of equity, this Court deems it appropriate to impose a constructive trust upon Lisa Overby's and Gina Gammon's 25% interest in the property. As a result, each is a constructive trustee whose interest in the property is subject to the deed of trust executed September 30, 1983.